# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Athena Capital, LLC d/b/a Johnny's Pizza (Defendant is referred to herein as the "Employer") and the class of plaintiffs who have opted into this lawsuit and are represented by plaintiff James Garcia (collectively referred to as "Plaintiffs").

## RECITALS

WHEREAS, Plaintiff Garcia filed a lawsuit against the Employer on October 11, 2018 in the United States District Court for the Middle District of Georgia, with the lawsuit having case number 3:18-cv-00136-CDL (the "Lawsuit").

WHEREAS, Plaintiff Garcia asserted claims against the Employer in the Lawsuit under the Fair Labor Standards Act of 1938 ("FLSA") on behalf of himself and those who are allegedly similarly situated to him,

WHEREAS, the Employer denies any violations of law and denies any liability to Plaintiffs,

WHEREAS, parties hereto wish to resolve certain claims asserted in the Lawsuit and settle these claims in a manner that will avoid the need for further litigation of those claims,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

1. **Consideration.** The Employer agrees to pay the total sum of fourteen thousand five hundred and forty dollars ($14,540.00) in consideration for Plaintiffs' compliance with their obligations under this Agreement. The consideration shall be paid as follows:

   (i) Two thousand two hundred and seventy dollars ($2,270.00), less all applicable withholdings, to Plaintiffs for backwages, in the individual amounts set forth in Exhibit A;

   (ii) Two thousand two hundred and seventy dollars ($2,270.00), to Plaintiffs for liquidated damages, in the individual amounts set forth in Exhibit A;

   (ii) Ten thousand dollars and zero cents ($10,000.00) to Barrett, Johnston, Martin & Garrison, LLC, for attorneys' fees and costs. This represents payment for all fees and costs incurred by Plaintiffs' counsel through payment of the consideration set forth in this Section and dismissal of the Lawsuit as set forth in Section 5 below. Except as provided herein, Plaintiffs specifically understand and agree that they will be responsible for all fees and costs owed to their attorneys or to anyone else engaged by them for any reason related to the Lawsuit.

The payments above shall be made on the following payment schedule:

1

- Wage and liquidated damages checks to all plaintiffs within 14 days from Court approval;
- One check to Plaintiffs' counsel for attorneys fees in the amount of $5,000 within 90 days from Court approval;
- One check to Plaintiffs' counsel for attorneys fees in the amount of $5,000 within 180 days from Court approval.

Plaintiffs acknowledge that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement. Plaintiffs agree to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by them, and Plaintiffs will hold harmless and indemnify the Employer against the assertion of any claim for any such taxes, assessments, or related interest or penalties.

Plaintiffs further agree that the consideration stated herein fully compensates them for any and all alleged back wages, overtime wages, other compensation, damages, attorneys' fees, and costs, and that they neither seek nor are entitled to any further wages, pay, overtime compensation, attorneys' fees or relief. The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

If the payments set forth above in this section of the Agreement are paid by Employer more than seven (7) days after the deadlines set forth in this section of the Agreement, then Employer shall owe an additional One Thousand Dollar ($1,000.00) for each late payment. This penalty shall be paid to Barrett Johnston Martin & Garrison, LLC's escrow account, and those funds will be paid to Plaintiffs on a *pro rata* basis, based on their percentage of the total recovery per this Agreement. In addition to this One Thousand Dollar ($1,000.00) penalty, Employer shall owe ten percent (10%) compound interest on each payment owed from the date of default (seven (7) days from the deadlines set forth in this section of the Agreement.

2.   **Court Approval.** Within seven (7) days of the execution of this Agreement the parties will file with the U.S. District Court for the Middle District of Georgia in *Garcia v. Athena Capital, LLC d/b/a Johnny's Pizza*, 3:18-cv-00136-CDL a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiffs' counsel is required to petition the Court for approval of the reasonableness and amount of the attorneys' fees and costs to be paid under this Agreement, the Employer does not oppose and agrees not to oppose the amount of Plaintiffs' attorneys' fees as stated in Section 1 above.

3.   **Releases.** In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Employer, its former and current owners, trustees, officers, administrators, agents, attorneys, employees, personally and in their respective capacities, and any other person or entity representing or succeeding to any such person

or entity, from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this Agreement, all liquidated damages that Plaintiffs may be entitled to under the FLSA, all attorney's fees that Plaintiffs may be entitled to under the FLSA, all other claims asserted under state law in the Lawsuit, and all other claims relating to payment of wages, compensation, and/or overtime.

4. **Parties Released.** Plaintiffs acknowledge that this Agreement and the release provision in Section 3 above apply to and protect in all respects the Employer, including past, current and future parent companies, related companies, successors and assigns, owners, officers, directors, agents, employees, and insurers of any such entity.

5. **Filing of Notices of Dismissal With Prejudice.** Within seven (7) days of receipt of the consideration set forth in Section 1, the parties shall file a Notice of Dismissal With Prejudice with the Court, unless the Court has already entered an order dismissing the lawsuit with prejudice.

6. **Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiffs and the Employer. This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiffs and the Employer regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

7. **Non-Admissions.** This Agreement does not constitute an admission by any party to the Agreement that they have violated any law or statute and all parties specifically deny any such violation occurred.

8. **Severability and Waiver.** The parties agree that the covenants of this Agreement are severable and that if any single clause or clauses shall be found unenforceable, the entire Agreement shall not fail but shall be construed and enforced without any severed clauses in accordance with the terms of this Agreement. The parties also agree that any failure by any party to enforce any right or privilege under this Agreement shall not be deemed to constitute waiver of any rights and privileges contained herein. The terms of this Agreement is to be construed under the laws of the State of Georgia.

9. **Voluntary and Knowing.** This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the parties thereto.

10. **Extension of Time.** The parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

11. **Binding Agreement.** This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

3

12. **Entire Agreement.** This Agreement constitutes the entire agreement of the parties concerning the subjects included herein.

13. **Certification.** The signatories to this Agreement certify that they are authorized to sign on behalf of their respective parties.

14. **Counterparts.** The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the parties had signed the same instrument.

15. **Enforcement.** If Employer fails to make any payment required by this Agreement, then this Agreement may be enforced by Plaintiffs, Plaintiffs' counsel, or both. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, the Parties and their heirs, beneficiaries, administrators, representatives, executors, successors and assignees.

**PLAINTIFF:**

*James Garcia*
James Garcia
Date: 5-4-2019

**DEFENDANT:**

Athena Capital, LLC

By: *Jason Allen*
Title: Co-owner
Date: 5-20-2019

4

## EXHIBIT A

| Plaintiff | Wages | Liquidated Damages |
|---|---|---|
| James Garcia | $ 1,900.00 | $ 1,900.00 |
| David Baum | $ 370.00 | $ 370.00 |

The payments listed in the "Wages" column above shall be subject to applicable withholdings and deductions. The payments listed in the "Liquidated Damages" column above are not wages and no withholdings or deductions shall be made for such payments. Plaintiff shall receive an IRS Form 1099 for the Liquidated Damages payments.